UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEVE B. DOUGLAS, ET AL. | * | |
|     Plaintiffs, | * | CASE NO.   2:13-cv-6192 |
| | * | |
| VERSUS | * | SECTION: ___ |
| | * | |
| RENOLA EQUITY FUND II, LLC, ET AL. | * | DIVISION ____ |
| | * | |
|     Defendants. | * | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Imperial Fire and Casualty Insurance Company ("Imperial Fire"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended ("NFIA"),[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3] Imperial Fire files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court. As discussed herein, Plaintiffs' lawsuit may only be addressed in this federal court regardless of the amount in controversy, because Plaintiffs have succinctly placed at issue matters exclusively regulated by FEMA under authority of the Congress pursuant to 42 U.S.C. §§4013(a), 4018(a)&(b) and 4019. Imperial Fire therefore files this Notice of Removal removing this matter from state court to the docket of this Honorable Court. Imperial Fire would respectfully show as follows:

I.

---

[1] *See* 42 U.S.C. §4001 *et seq.*
[2] 44 C.F.R. §62.23(f).
[3] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

On September 18, 2013, Plaintiffs, Steve B. Douglas, et al., filed a lawsuit entitled "*Steve B. Douglas, et al. v. Renola Equity Fund, II, LLC, et al.*," bearing case number 13-1070, Division "E" in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. *See* Exhibit A, attached hereto is a copy of said Petition for Damages and Personal Injuries ("Petition") and all pleadings served upon Imperial Fire to date.

II.

For the following reasons, Imperial Fire hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(2), Art. VII(R), 28 U.S.C. §1331, 28 U.S.C. §1337, 28 U.S.C. §1367 and 28 U.S.C. §1441(a), (b) and (c).

A.  **REVIEW OF THE PLAINTIFFS' PETITION**

1. At paragraph 73, Plaintiffs alleged Building 217 of Park View Condominiums was covered by an insurance policy sold by Imperial bearing policy number F220028644 which was in full force and effect by virtue of the premiums being paid on the policy. Further, Plaintiffs allege under the terms of the policy, Imperial is obligated to pay for any and all flood damage sustained to Building 217 of Park View Condominiums.

2. At paragraph 74, Plaintiffs allege they are interested parties because they are owners, lessors, or occupants of units in Building 217 of Park View Condominiums.

3. At paragraph 75, Plaintiffs alleged as a result of Hurricane Isaac which occurred on August 29, 2012, the condominium sustained significant damage caused by a combination of wind, rain, wind driven rain, and flood.

4. At paragraph 76, Plaintiffs alleged Imperial was notified of the damage to the property.

5. At paragraph 77, Plaintiffs alleged Imperial has not issued insurance proceeds to begin structural repairs to the condominiums despite receipt of satisfactory proofs of loss.

6. At paragraph 78, Plaintiffs alleged as a result of the covered peril and Imperial's failure to timely issue insurance proceeds, Plaintiffs have been exposed to grossly mold-contaminated conditions and have been evicted from their homes.

7. At paragraphs 79-82, Plaintiffs allege various state law claims against Imperial arising out of how it handled Plaintiffs' Hurricane Isaac claim and its alleged failure to pay the Hurricane Isaac claim.

B. THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE

8. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. *See* 44 C.F.R. Pt. 62, App. A, Art. II(F). Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA"). *Id.*; *see also,* 42 U.S.C. §4013(a).

9. Imperial Fire, as a WYO Program carrier, is authorized to issue Standard Flood Insurance Policies ("SFIP") on behalf of the federal government pursuant to the "Arrangement" with FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

10. Imperial Fire cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(2), Art. VII(D).

11. Further, Imperial Fire has no authority to tailor or alter NFIP policies backed by the government. *See* 44 C.F.R. §62.23.

12. Imperial Fire' role as a WYO Program carrier and as set forth in the Arrangement is to market, sell and administer, SFIP policies as well as handle claims under SFIPs that it is

3

authorized to issue on behalf of the federal government.  Imperial Fire conducts all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. *See* 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1), respectively.

13. All flood claim payments made by Imperial Fire under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III. *See also*, 44 C.F.R. Pt. 62, App. A, Arts. III(D)(1), (2) and (3).  The Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, *citing to In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987).  The Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001).

14. Effective October 1, 2004, there was a revised Arrangement between FEMA and all WYO Program carriers, including Imperial Fire.  In that revised Arrangement, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration functions of the WYO Program carriers are performed: (a) in their fiduciary capacity to the government, (b) by utilizing federal funds, and (c) as governed by extensive federal regulations.

15. Moreover, FEMA stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the revised Arrangement, as set forth in 44 C.F.R. Pt. 62, App. A, Article I:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the

participating companies' activities when selling or administering the Standard Flood Insurance Policies; and

Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; …

16. The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law. *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979), wherein the original Fifth Circuit stated the following:

Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

*Id*. at 881.

C. **FEDERAL JURISDICTION**

(1) **42 U.S.C. §4072**

17. 42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims handling matters under the SFIP.

18. Plaintiffs are aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that all disputes under the policy must be filed in the United States District Court of the district in which the covered property was located at the time of the loss. Certainly, Imperial Fire is not suggesting that jurisdiction could be created by contract, but instead it is pointing out that Plaintiffs were fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(2), Plaintiffs are charged with knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

19. In this case, Plaintiffs allege Imperial Fire failed to pay them for flood damage caused by Hurricane Isaac. *See* Petition, ¶¶73-82. The policy at issue is an SFIP. Any claims against Imperial Fire arising out of its handling of Plaintiffs' flood insurance claim under the SFIP are exclusively governed by federal law. *See Grissom v. Liberty Mut.Fire Ins. Co.*, 678 F.3d 397, 401 (5th Cir. 2012). As such, this Honorable Court has "original, exclusive" jurisdiction over this matter pursuant to 42 U.S.C. §4072.

**(2)     28 U.S.C. §1331**

20. Imperial Fire asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(2) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(2), Article IX. Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331.

21. In order to determine what, if any, U.S. Treasury benefits Plaintiffs may be entitled to receive in this lawsuit, this Federal Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP. Federal common law governs the interpretation of the SFIP, and "if the language of a policy is clear and unambiguous, it should be accorded its natural meaning." *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984). As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided under the SFIP, and any amounts due under the SFIP would require the interpretation of a federal law which presents a federal question. Thus, there is

6

federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §§1441(a) and (c).

### (3)    U.S. Treasury Funds Are at Stake

22. Regardless of whether or not Imperial Fire has allegedly breached the terms and conditions of the SFIP, Imperial Fire' role as a WYO Program carrier takes place as the "fiscal agent" of the United States. *See* 42 U.S.C. §4071(a)(1) and 44 C.F.R. Pt. 62, App. A, Art. III. NFIP claims are funded by the U.S. Treasury. *See Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341,342 (5th Cir. 2005); *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005); and *Gowland*, 143 F.3d at 955.   FEMA's regulations make clear that payments made by the WYO carriers "shall be binding upon the FIA." 44 C.F.R. § 62.23(i)(1). FEMA's "Arrangement" with the WYO Program companies (such as Imperial Fire) also makes clear that federal funds are utilized to pay the claims directly, and not through a reimbursement mechanism. *See* 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D)(1), and IV(A). *See also, Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386 at FN 10 (9th Cir. 2000), *cert denied*, 531 U.S. 927, 121 S.Ct. 305 (2000).

23. Regarding the instant litigation, FEMA's Arrangement with the WYO Program carriers establishes that all of Imperial Fire's defense costs will be paid by the Program if litigation arises. 44 C.F.R. Pt. 62, App. A, Art. III(C)(3), and Art. III(D)(2). *See also,* 44 C.F.R. §§ 62.23(i)(b) and (9); *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1312 (11th Cir. 2001)

24. In addition to the foregoing, the scope of the Arrangement between the United States government and Imperial Fire includes within its scope the "selling and administering" of standard flood insurance policies with federal funds. 44 C.F.R. Pt. 62, App. A, Art. I, (5) and (6). As Imperial Fire has engaged in these activities "…in a fiduciary capacity…" all of Imperial Fire's activities are "…extensively regulated… when selling or administering the Standard Flood

Insurance Policy." *Id.* These points are further made clear by Arrangement Articles II(A), (D) and (G). Therefore, in accord with the terms of the Arrangement at Article II(D)(2), litigation expenses are borne by the U.S. Treasury.

25. Finally, there is a presumption that federal funds are at risk in NFIP litigation. *See Grissom*, 678 F.3d at 402. There is therefore no question that federal funds are at stake.

**D. FEDERAL JURISDICTION ALSO EXISTS BECAUSE THE PETITION BRINGS INTO PLAY AN ACT OF CONGRESS REGULATING COMMERCE**

26. As a separate basis for federal jurisdiction, removal of this case is also proper under 28 U.S.C. §1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. 28 U.S.C. §1337 is not subject to the well-pleaded petition rule. Under §1337, removal is proper where the facts alleged in the plaintiffs' petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the plaintiffs' pleading. *See Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co. v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); and *Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

27. Clearly, under the National Flood Insurance Act, 42 U.S.C. §4001, *et seq.*, Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the National Flood Insurance Act. As recognized in *C.E.R. 1988, Inc. v. Aetna Cas. and Sur. Co.,* 386 F.3d 263, FN3 (3rd Cir. 2004):

> The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, et seq., grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C.

> §1012 (b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id.* at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

28. Beyond the general proposition that the NFIA regulates commerce, it is also clear that in a more particularized sense, the Act expressly regulates the subjects of claims and claims handling, administration as well as "the conditions of insurability." *See, e.g.,* 42 U.S.C. §§4013 and 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in the Plaintiffs' Petition, and so removal is proper pursuant to 28 U.S.C. §1337.

### E. THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

29. To the extent that any of the Plaintiffs' claims are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

30. The claims put at issue in the Plaintiffs' Petition arise from the property damage caused by flood that they allegedly sustained as a result of Hurricane Isaac, and from their efforts to obtain insurance benefits as a result of that loss. As such, all of the Plaintiffs' legal claims arise from the same nucleus of operative fact, that being the underlying loss claim, and all of the insurance issues arising therefrom. Therefore, this Court has supplemental jurisdiction over Plaintiffs' state-law claims to the extent that such claims are viable in the context of a federal insurance program. Traditionally, federal courts have exercised supplemental jurisdiction over all

such claims in cases of this type. *See Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D.Tx. 2000).

### F.    PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

31.    Imperial Fire was served on or about September 24, 2013. This Notice of Removal was filed on October 22, 2013. Thus, this Notice of Removal was "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b); and, it is therefore timely.

32.    As evidenced by Exhibit D, all co-defendants have consented to and join in the removal of this matter to the United States District Court for the Eastern District of Louisiana.

33.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 44 C.F.R. Pt. 61, App. A(2), Art. VII(R), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

34.    Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders served on Imperial Fire to date.

### CONCLUSION

WHEREFORE, Defendant, Imperial Fire and Casualty Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated:   October 22, 2013.                    Respectfully submitted,
                                              **NIELSEN, CARTER & TREAS, LLC**

                                              */s/ Kim Tran Britt*
                                              Kim Tran Britt, Bar No. 24896
                                              Kristie Luke Mouney, Bar No. 29958
                                              3838 N. Causeway Boulevard, Suite 2850
                                              Metairie, Louisiana 70002
                                              P: (504) 837-2500
                                              F: (504) 832-9165

10

           Email: kbritt@nct-law.com;
           kmouney@nct-law.com
           *Counsel for Defendant,* **IMPERIAL FIRE AND CASUALTY INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

   I hereby certify that on October 22, 2013, a copy of the above pleading has been served on all counsel of record by electronic mail and/or facsimile and/or by placing same in the U.S. Mail, postage prepaid and addressed to the following.

  Edwin Shorty
  Shorty, Dooley & Hall, LLC
  650 Poydras Ave, Suite 2420
  New Orleans, LA 70130
  Counsel for Plaintiffs

  Hope L. Harper
  H.L. Harper & Associates, LLC
  1631 Elysian Fields Avenue
  New Orleans, LA 70117
  Counsel for Plaintiffs

  Ike Spears
  Spears & Spears Law Firm
  1631 Elysian Fields Avenue
  New Orleans, LA 70117
  Counsel for Plaintiffs

  Steve Rider
  McGlinchey Stafford, PLLC
  601 Poydras St.
  12th Floor
  New Orleans, LA 70130
  Counsel for Defendant,
  Bank of America

  Jonathan G. Wilbourn
  McGlinchey Stafford PLLC
  301 Main Street, 14th Floor
  Baton Rouge, LA 70801
  Counsel for Defendant,
  JP Morgan Chase Bank

  Brian Leonard Glorioso
  Tonry, Brinson & Glorioso, LLC

11

245 Pontchartrain Dr.
Slidell, LA 70458
Counsel for Defendants,
Patriot Title, LLC, and Castellaw Investment Groups, LLC

Michael Lillis
Tonry, Brinson & Glorioso, LLC
245 Pontchartrain Dr.
Slidell, LA 70458
Counsel for Defendants,
PVCA, Inc. and Renola Equity Fund II, LLC,
Renola Equity Fund III, LLC

Matthew Monson
Monson Law Firm
900 West Causeway Approach
Suite A
Mandeville, LA 70471
Attorney for Defendant,
Southern Fidelity Insurance Company

Paul A. Tabary III
Tabary & Borne, LLC
3 Courthouse Sq.
Chalmette,LA 70043-4772
Attorney for Defendant,
Louisiana Citizens Fair Plan

Ali Farhang
Farhang & Medcoff, PLLC
4801 East Broadway Boulevard, Suite 311
Tucson, Arizona 85711
Attorney for Defendant,
Nova Financial & Investment Company

David A. Barie
Chief Compliance Officer
WCS Lending LLC
612 Industrial Avenue
Boynton Beach, Florida 33426

*/s/ Kim Tran Britt*
Kim Tran Britt