```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


STEVE B. DOUGLAS, ET AL.                        CIVIL ACTION

VERSUS                                          NO: 13-6192

RENOLA EQUITY FUND II, LLC, ET AL.              SECTION: R
```

### ORDER AND REASONS

Before the Court is defendant Renola Equity Fund III, LLC's ("Renola III") Rule 12(b)(6) motion to dismiss plaintiff Sam Ford, III's claim against it. Plaintiff has no claim against Renola III and seeks only to require Renola III's continued presence in the suit as a "necessary party" under Rule 19. Because Renola III no longer holds a mortgage interest in the property, the Court dismisses it from this suit.

### I. BACKGROUND

Ford alleges that on May 19, 2010, he purchased Unit 205 in Building 217 of the Park View Condominiums from Renola Equity Fund II, LLC ("Renola II").[1] On the same day, Ford executed a mortgage in favor of Renola III to secure a promissory note in the principal amount of $70,300.00.[2] Ford and other purchasers and renters of the Park View Condominiums are now suing Renola II and various other parties seeking rescission of the sales of

---

[1] R. Doc. 2-2 at 4.

[2] *Id.*

their condominiums among other relief.  Count IX of the complaint names Renola III and other holders of mortgages on the Park View properties, but it states no claim against them.[3]  Rather, it states only that the mortgage companies are "indispensable parties because complete relief cannot be accorded in their absence."[4]  It further states that the plaintiffs' claims seeking rescission of the sales of their condominiums "directly and adversely affects" the mortgage holders.[5]

Renola III filed a motion to dismiss under Rule 12(b)(6). It acknowledges the mortgage that was recorded in its favor along with the purchase of the property, but it further indicates that Ford signed and recorded a new mortgage in favor of Nova Financial & Investment Corporation, which was recorded in the St. Bernard Conveyance Records on September 29, 2010.[6]  Renola III alleges that in conjunction with the recordation of the Nova mortgage, Renola III executed a full and complete release of all obligations imposed on Ford by the mortgage recorded on May 19, 2010.[7]  A representative of Patriot Title, LLC filed a request to cancel the mortgage with the St. Bernard Parish clerk on

---

[3] *Id.* at 23.

[4] *Id.*

[5] *Id.*

[6] R. Doc. 29-1 at 2; *see also* Exhibit 3, R. Doc. 29-4.

[7] R. Doc. 29-1 at 2-3.

September 24, 2010,[8] and the release was recorded in the St. Bernard conveyance records on September 29, 2010.[9] Renola III argues that the sole basis for its inclusion in the suit is plaintiff's erroneous belief that Renola III is a present mortgage holder on the property. Accordingly, it seeks dismissal from the suit.

## II. STANDARD

To survive a Rule 12 (b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009).

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must

---

[8] Exhibit 5, R. Doc. 29-6.

[9] Exhibit 4, R. Doc. 29-5.

contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.  *Lormand*, 565 F.3d at 257.  If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed.  *Twombly*, 550 U.S. at 555.

The court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.  *See Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.") (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 & n. 6 (5th Cir. 1994)).

**III. DISCUSSION**

Plaintiff does not dispute that Renola III no longer holds a mortgage interest in Ford's condominium or any other property at issue in this litigation.  Instead, plaintiff argues that dismissal is inappropriate because it also brought fraud claims against the defendant based on alleged misrepresentations relating to the sale and rental of the Park View properties.  But it is Renola II, the seller of the property, and not Renola III, the former mortgage holder, that is the subject of plaintiff's

fraud and breach of warranty claims.  Plaintiff conflates the two companies throughout his motion.

Plaintiff's argument that Renola III is a necessary party under Rule 19 is without merit.  Plaintiff fails to explain why he would be "left without a complete remedy" if Renola III were dismissed from the suit simply because Renola III was the original mortgage holder.  Renola III has no interest whatsoever in the property at issue and need not be a part of this litigation when no plaintiff has brought a claim against it.[10]

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS Renola Equity Fund III, LLC's motion to dismiss and DISMISSES Renola III from this suit.

New Orleans, Louisiana, this __14th__ day of March, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[10] The Court notes that the mortgage holder listed on the mortgage cancellation documents is Renola II rather than Renola III.  *See* R. Docs. 29-5, 29-6.  It is clear, however, that the mortgage was originally executed in Renola III's favor and was identified as instrument number 541837.  *See* R. Doc. 29-2.  The cancellation and release documents likewise refer to instrument number 541837.  *See* R. Docs. 29-5, 29-6.  Regardless of whether Renola II or Renola III held the mortgage, Renola III lacks an interest in this suit because the mortgage no longer exists.