UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVE B. DOUGLAS, ET AL.                    CIVIL ACTION

VERSUS                                      NO: 13-6192

RENOLA EQUITY FUND II, LLC, ET AL.          SECTION: R

## ORDER AND REASONS

Defendant Patriot Title, LLC has filed a Rule 12(b)(6) motion to dismiss the fraud claim brought against it by plaintiffs Steve B. Douglas; Levi Kelling Arnold, II; Sam Ford, III; Reginald Louis Bouie; Keisha Waker-Bouie; David Starr; and Steven Barca.  In the alternative, Patriot Title moves under Rule 12(e) for a more definite statement based on plaintiffs' alleged failure to plead fraud with particularity pursuant to Rule 9(b). Defendant Renola Equity Fund II ("Renola") also has filed a Rule 12(e) motion for a more definite statement based on plaintiffs' alleged non-compliance with Rule 9(b)'s pleading requirement. The motion relates only to plaintiffs' fraud claim in Count II of the petition for damages and does not address plaintiffs' redhibition claim in Count I, in which Renola is also made a defendant.

The Court concludes that plaintiffs have failed to state a claim against Patriot Title and dismisses that claim without prejudice.  Plaintiffs also have failed plead fraud against both defendants with the requisite particularity.  Plaintiffs have 21

days to amend Count II of their petition to state a fraud claim with the particularity as required by Rule 9(b).

## I. BACKGROUND

Plaintiffs all purchased units at the Park View Condominiums from Renola.[1]  They allege that the condominiums "sustained substantial wind and flood damage due to Hurricane Katrina in 2005, which necessitated the gutting and complete rehabilitation of the property."[2]  They further allege that Renola hired a contractor to "manage the gutting and complete rehabilitation of the condominiums," which was completed in 2010.[3]  According to plaintiffs,

> In an effort to promote the condominiums, seller utilized television and print advertisements highlighting the renovated property and the accessibility of financing for individuals who were not qualified for traditional financing.[4]

On August 29, 2012, Hurricane Isaac made landfall, allegedly causing substantial wind and water damage to the condominiums. Plaintiffs allege that Jeff Castellaw, on behalf of the Parkview Condominium Association, contacted SERVPRO on or about November 12, 2012 for an assessment of the water damage.  Later that week,

---

[1] R. Doc. 2-2 at 3-5.

[2] *Id.* at 8.

[3] *Id.*

[4] *Id.*

SERVPRO allegedly issued a report identifying significant water damage and mold growth posing a health risk to occupants.[5]   In January, St. Bernard Parish allegedly indicated that the condominiums were deficient with regard to public health and safety, and plaintiffs allege that they were evicted on February 13, 2013.[6]

Count II of the petition asserts a claim for fraud against Renola, Patriot Title, WCS Lending, LLC, and a contractor and inspector whose identities are unknown.[7]   In this claim, plaintiffs allege that Renola "misrepresented the type and amount of renovations done to the condominiums in an effort to entice your petitioners . . . to purchase the condominiums."[8] Specifically, they allege that Renola "made assertions that the condominiums were completely gutted, mold remediated, and renovated in compliance with all city and parish ordinances."[9]

In the following paragraph, plaintiffs further allege that Renola

utilized television and print advertisements to communicate the misrepresentations and entice prospective homebuyers by highlighting the accessibility of financing for individuals

---

[5] *Id.* at 8-10.

[6] *Id.* at 10.

[7] *Id.* at 12.

[8] *Id.*

[9] *Id.*

who were not qualified for traditional financing.[10]

Plaintiffs' only allegation against Patriot Title is that it, along with WCS Lending and the unidentified contractor and inspector, "knew of the misrepresentations and participated/colluded in said misrepresentation to obtain an unjust advantage and for financial gain."[11]

Based on these allegations, plaintiffs seek rescission of the home sales, damages, and attorney's fees.[12]  Patriot Title has filed a motion to dismiss the fraud claim against it for failure to state a claim.  In the alternative, it seeks a more definite statement under Rule 12(e) based on plaintiffs' failure to plead fraud with the specificity required by Rule 9(b). Renola also has filed a Rule 12(e) motion for a more definite statement that complies with Rule 9(b)'s pleading requirements.


**II. LEGAL STANDARD**

To survive a Rule 12 (b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff

---

[10] *Id.*

[11] *Id.* at 13.

[12] *Id.*

4

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009).

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006). A court is permitted, however, to rely on "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). The court may not consider new

factual allegations made outside the complaint.  *See Fin. Acquisition Partners LP,* 440 F.3d at 289.

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement for fraud claims.  Under Rule 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The required conditions of a person's mind, however, may be alleged generally.  *Id.*  What constitutes particularity "will necessarily differ with the facts of each case," *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993) (citing *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992)), and should be determined in light of the purposes the rule is intended to serve.  *In re Ford Motor Co. Bronco II Products Liab. Litig.*, MDL-991, 1995 WL 491155, at *6 (E.D. La. Aug. 15, 1995) (citing *Shushany*, 992 F.2d at 521).  The purpose of Rule 9(b) is to "ensur[e] the complaint 'provides defendants with fair notice of the plaintiffs' claims, protect[ ] defendants from harm to their reputation and goodwill, reduce[ ] the number of strike suits, and prevent[ ] plaintiffs from filing baseless claims then attempting to discover unknown wrongs.'"  *United States ex. rel. Grubbs v. Kanneganti,* 565 F.3d 180, 190 (5th Cir. 2009) (quoting *Melder v. Morris,* 27 F.3d 1097, 1100 (5th Cir. 1994)).  "Perhaps the most basic consideration in making a judgment as to the sufficiency of a pleading is the determination of how much detail

is necessary to give adequate notice to an adverse party and enable him to prepare a responsive pleading." *Hernandez v. CIBA-GEIGY Corp. USA*, CIV. A. B-00-82, 2000 WL 33187524, at *5 (S.D. Tex. Oct. 17, 2000) (quoting Wright & Miller, *Federal Practice & Procedure* § 1298).

The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (citing *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). In other words, "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). In cases concerning "omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the misrepresentations misleading." *Carroll v. Fort St. James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (finding that plaintiffs failed to plead a claim of fraud by omission with sufficient particularity because they did not indicate where the omissions should have appeared, when the

7

defendant had a duty to disclose any information, or how he should have disclosed that information) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hospital,* 355 F.3d 370, 381 (5th Cir. 2004)).

The requirements of Rule 9(b) are "supplemental to the Supreme Court's recent interpretation of Rule 8(a) requiring enough facts [taken as true] to state a claim to relief that is plausible on its face." *Lentz v. Trinchard,* 730 F. Supp. 2d 567, 579 (E.D. La. 2010) (citing *Grubbs,* 565 F.3d at 185) (quoting *Twombly,* 550 U.S. at 570).  Further, a plaintiff may plead fraud "'upon information and belief'" only when the relevant facts are peculiarly within the opposing party's knowledge, and the plaintiff supports his allegations with an adequate factual basis." *U.S. ex rel. LaCorte v. SmithKline Beecham Clinical Labs.,* Inc., CIV. A. 96-1380, 2000 WL 17838 (E.D. La. Jan. 10, 2000); *see also U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 903 (5th Cir. 1997).  This exception "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Thompson*, 125 F.3d at 903 (quoting *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1068 (5th Cir. 1994)).

State-law fraud claims, such as the ones alleged by plaintiffs here, are subject to the pleading requirements of Rule 9(b).  *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 339 (5th

8

Cir. 2008) (explaining that both state-law fraud claims and federal securities claims are subject to the heightened pleading requirements of Rule 9(b)) (citing *Williams*, 112 F.3d at 177 ("We see no principled reason why the state claims of fraud should escape the pleading requirements of the federal rules....")).

Louisiana law defines fraud by a party to a contract as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953. "Fraud may also result from silence or inaction." *Id.* "An action for fraud against a party to a contract requires: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) that the error induced by the fraudulent act relates to a circumstance that substantially influenced the victim's consent to the contract." *Petrohawk Properties, L.P. v. Chesapeake Louisiana, L.P.*, 689 F.3d 380, 388 (5th Cir. 2012) (internal quotation marks omitted) (quoting *Shelton v. Standard/700 Assocs.*, 798 So. 2d 60, 64 (La. 2001). To find fraud from silence or suppression of the truth, there must exist a duty to speak or to disclose information. *Greene v. Gulf Coast Bank*, 593 So. 2d 630 (La. 1992).

The elements of a delictual fraud or intentional misrepresentation claim are: 1) a misrepresentation of a material

fact; 2) made with intent to deceive; and 3) causing justifiable reliance with resultant injury. *Kadlec Medical Center v. Lakeview Anesthesia Assoc.,* 527 F.3d 412, 418 (5th Cir. 2008); *see also Gonzalez v. Gonzalez,* 20 So. 3d 557, 563 (La. Ct. App. 2009). As with a claim for contractual fraud, a plaintiff must show that the defendant had a duty to disclose the withheld information in order to state a claim for delictual fraud by silence or inaction. *Kadlec Medical Center,* 527 F.3d at 418 ("To establish a claim for intentional misrepresentation when it is by silence or inaction, plaintiffs also must show that the defendant owed a duty to the plaintiff to disclose the information."). *Accord Chateau Homes by RJM, Inc. v. Aucoin*, 97 So. 3d 398, 405 (La. Ct. App. 2012).

Rule 12(e) entitles a party to a more definite statement when a portion of a pleading to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed R. Civ. P. 12(e). A party may rely on Rule 12(e) to challenge the sufficiency of a pleading under Rule 9(b). *Lindsey v. Dyncorp Int'l LLC*, CIV.A. H-09-0700, 2009 WL 1704253, at *1 (S.D. Tex. June 17, 2009) (citing 5C Wright & Miller, *Federal Practice and Procedure* § 1376, at 330-31 ("Even though Rule 9 itself contains no mechanism for enforcing its terms, numerous cases make it clear that the common practice has been to use a motion under Rule  12(e) for that purpose.");

*see also Bishop v. Shell Oil Co.*, CIV.A. 07-2832, 2008 WL 57833, at *1-2 (E.D. La. Jan. 3, 2008) (granting Rule 12(e) motion based on failure to comply with Rule 9(b)); *Old Time Enterprises, Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989) (affirming district court's order requiring a more definite statement under Rule 12(e) when plaintiff's fraud claims failed to comply with Rule 9(b)).  A party who invokes Rule 12(e) based on non-compliance with Rule 9(b) requests that the plaintiff replead but does not seek dismissal of the fraud claim.  "When a party seeks dismissal, rather than a more definite statement, for failure to plead fraud with particularity, a Rule 12(b)(6) motion is a proper procedural mechanism."  *See* Lindsey, 2009 WL 1704253, at *1  (citing *Coates v. Heartland Wireless Commnc'ns, Inc.,* 55 F. Supp. 2d 628, 633 n. 4 (N.D. Tex. 1999)).


**III. DISCUSSION**

Plaintiffs do not identify the type of fraud claim they seek to bring against either defendant.  Because Patriot Title is not alleged to be a party to the contracts through which plaintiffs purchased the condominiums from Renola, these claims sound in tort.  As discussed *supra*, the elements of a delictual fraud or intentional misrepresentation claim are: 1) a misrepresentation of a material fact; 2) made with intent to deceive; and 3) causing justifiable reliance with resultant injury.  *Kadlec*

11

*Medical Center,* 527 F.3d at 418.  The only allegation in the petition against Patriot Title is that it "knew of [Renola's] misrepresentations and participated/colluded in said misrepresentation to obtain an unjust advantage and for financial gain."  Plaintiffs do not provide any statements allegedly made by a representative of Patriot Title.  Nor do plaintiffs allege that they relied any such statements in purchasing the properties or that any such reliance was justified.

To the extent that plaintiffs suggest that Patriot Title committed a misrepresentation by omission, their claim fails because they do not allege facts showing that Patriot Title had a duty to disclose any information relating to the physical condition of the properties.  *See Kadlec*, 527 F.3d at 418-19. Accordingly, plaintiffs have failed to state a claim for fraud against Patriot Title, and the claim is dismissed without prejudice.

Plaintiffs also failed to comply with Rule 9(b) with respect to Patriot Title.  First, group pleading is impermissible under Rule 9(b).  "'[A] complaint alleging fraud may not group the defendants together.'  Plaintiffs must plead specific facts as to each defendant for each of the Rule 9(b) requirements." *Lang v. DirecTV,* 735 F. Supp. 2d 421, 437 (E.D. La. 2010) (quoting *Ingalls v. Edgewater Private Equity Fund III, L.P.,* 2005 WL 2647962, at *5 (S.D. Tex. Oct. 17, 2005)).  Plaintiff lumps

12

together Patriot Title, WCS Lending, and the unknown contractor
and inspector in a single allegation of collusion in Renola's
misrepresentation.

Moreover, the petition fails to allege the who, what, when,
where, or how of the circumstances constituting the alleged
fraud.  Again, to the extent that plaintiffs are attempting to
plead fraud by omission, Rule 9(b) requires plaintiffs to plead
the type of facts omitted, the place in which the omissions
should have appeared, and the way in which the omitted facts made
the misrepresentations misleading.  Plaintiffs did none of this.
*Cf. Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir.
2006) (concluding that plaintiffs ran afoul of Rule 9(b) by
failing to allege facts showing when, if ever, it was incumbent
upon the defendant to disclose the relevant information or how
the defendant should have done so).  Further, the plaintiffs do
not specify a single person at Patriot Title who knew of the
alleged physical condition of the condominiums or, more
importantly, the particulars of what information was known.
Accordingly, when plaintiffs amend the petition, they must do so
in a way that will bring their fraud claim into compliance with
Rule 9(b).

Renola seeks a more definite statement of plaintiffs' fraud
claim under Rule 12(e).  Plaintiffs have not stated a claim for
fraud against Renola with the particularity required by Rule

13

9(b).  First, plaintiffs fail to allege the who, what, when, and
where with sufficient specificity to put Renola on notice of the
precise claims it is being called to defend.  Plaintiffs allege
that Renola "made assertions that the condominiums were
completely gutted, mold remediated, and renovated in compliance
with all city and parish ordinances."  But in describing the
context in which these statements allegedly were made, plaintiffs
state only that Renola "utilized television and print
advertisements to communicate the misrepresentations . . . ."
They do not state when these advertisements appeared in print or
on television, in what publications the print advertisements
appeared, the frequency with which they ran, or what specifically
was said.  Plaintiffs need not list each instance in which the
advertisements appeared, but they must provide at least a minimal
amount of context so that Renola can identify the advertisements
at issue and prepare its defense accordingly.  *See, e.g., Ryan v.
Brookdale Int'l Sys., Inc.*, CIV.A. H-06-01819, 2007 WL 3283655,
at *7 (S.D. Tex. Nov. 6, 2007) ("Without knowing when an
advertisement ran, much less where it was seen or heard, a
defendant may have little ability to identify the particular
advertisement and prepare its defense."); *Johnson v. Metabolife
Int'l, Inc.*, CIV.A.3:01-CV-2082-G, 2002 WL 32494514, at *3-4
(N.D. Tex. Oct. 23, 2002) (dismissing fraud claim under 9(b)
where plaintiff "flatly admit[ted] that she [could not] remember

14

the location of the billboard or the precise date and time the advertising was on the [television] or radio" and failed to "allege the specific contents, context, or speaker of these advertisements.") (internal quotation marks omitted); *R & L Inv. Prop., LLC v. Hamm*, 3:10-CV-00864-M, 2011 WL 2462102, at *4 (N.D. Tex. June 21, 2011) (dismissing claim that defendants "caused advertisements to be created which represented to the world that the property had a waste water treatment permit" because plaintiffs failed to state "who made the advertisement, when, and where.") (internal quotation marks omitted); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009) (dismissing fraud claim alleging that Ford advertisements led plaintiff to believe that certain vehicles "were inspected by specially trained technicians and that the . . . inspections were more rigorous and therefore more safe" because plaintiff did not "specify what the television advertisements or other sales material specifically stated."); *In re All Terrain Vehicle Litig.*, 978 F.2d 1265, at *2 (9th Cir. 1992) (unpublished)(noting that plaintiffs might have met Rule 9(b)'s requirements by alleging, "for example, such specifics as the contents of the misrepresentations, the dates when they were made, the medium in which they appeared, the extent and frequency of circulation among consumers, . . . and the circumstances that led the named plaintiffs to purchase" the product at issue).

15

Second, nowhere does the petition state that any of the plaintiffs actually saw the allegedly misleading advertisements, much less that they relied upon the contents of those advertisements in deciding to purchase the condominiums. *Cf., e.g., Terry v. N L Indus., Inc.*, CIV A 404CV269-P-B, 2007 WL 1484742, at *2 (N.D. Miss. May 17, 2007) (dismissing claim where "[p]laintiffs fail[ed] to satisfactorily allege *how* [the] alleged misstatements . . . induced any action or inaction on the part of plaintiffs," and "nothing in the Amended Complaint establishe[d] the necessary link between defendant's alleged misstatements and actions taken by plaintiffs in reliance thereon."); *Kearns*, 567 F.3d at 1125-26 (9th Cir. 2009) (dismissing claim under Rule 9(b) where plaintiff did not specify when he was exposed to the allegedly misleading advertisements or which ones he found material).  Because reliance is an element of both contractual and delictual fraud in Louisiana, plaintiffs have not satisfied the pleading requirements of Rule 8, much less the higher standard of Rule 9(b).

For these reasons, the Court concludes that plaintiffs' fraud allegations against Renola fall short of the pleading standard articulated in Rule 9(b).  Before Renola will be required to respond, plaintiffs must amend the petition to state

the who, what, when, where, and how of the alleged fraud.[13]


**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant Patriot Title's motion and dismisses plaintiffs' fraud claim against Patriot Title without prejudice.  The Court also GRANTS Renola's Rule 12(e) motion for a more definite statement based on plaintiffs' failure to plead fraud with particularity as required by Rule 9(b).  Plaintiffs have 21 days from the date of this order to amend their petition.


New Orleans, Louisiana, this ___14th___ day of March, 2014.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE


---

[13] The Court does not purport to identify each and every shortcoming in the petition, as the existence of any single shortcoming renders it inadequate.  "Rather, once this Court holds that a complaint is insufficiently pled, it is the duty of the attorneys drafting the complaint to conduct research into pleading requirements and then convert that research into practice." *U.S. ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 689, 699 (W.D. Tex. 2007).

17