```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

STEVE B. DOUGLAS, ET AL.                    CIVIL ACTION

VERSUS                                      NO: 13-6192

RENOLA EQUITY FUND II, LLC, ET AL.          SECTION: R
```

**ORDER AND REASONS**

Before the Court are the Rule 12(c) motions to dismiss of defendants Bank of America, N.A. and JPMorgan Chase Bank, N.A. ("Chase") (collectively, "the banks"). They seek to dismiss the claims they believe were brought against them by plaintiffs Steve B. Douglas, Levi K. Arnold II, Reginald L. Bouie, and Steven Barca. The plaintiffs have clarified that they are not asserting any claims against the banks, and Rule 19 does not support plaintiffs' attempts to name the banks as defendants in the absence of any such claim. Accordingly, the Court GRANTS the banks' motions and dismisses them as defendants.

**I. BACKGROUND**

Plaintiffs all purchased units at the Park View Condominiums from Renola Equity Fund II, LLC ("Renola II").[1] Arnold, Douglas, and Bouie each executed mortgages that were later assigned to Chase.[2] Barca executed a mortgage that was later assigned to

---

[1] R. Doc. 2-2 at 3-5.

[2] R. Doc. 35-1.

Bank of America.[3]  Plaintiffs allege that Renola II misrepresented that it had gutted and rehabilitated the units after Hurricane Katrina.[4]  After Hurricane Isaac made landfall in 2012, the units were condemned because of mold growth.[5]  Plaintiffs now seek to have the sales of the condominiums rescinded.  They also have sued their flood and wind insurers, alleging that they refused to pay for damage that occurred to the units during Hurricanes Isaac and Katrina.[6]

Count IX of the complaint names as defendants the banks and other mortgagees on the Park View properties, but it asserts no claim for relief against them.[7]  Rather, it states only that the mortgage holders are "indispensable parties because complete relief cannot be accorded in their absence."[8]  It further states that the plaintiffs' claims seeking rescission of the sales of their condominiums "directly and adversely affects" the mortgage holders.[9]

---

[3] R. Doc. 23-3.

[4] R. Doc. 2-2 at 12.

[5] *Id.* at 10.

[6] *Id.* at 11-23.

[7] *Id.* at 23.

[8] *Id.*

[9] *Id.*

The banks construed this count as asserting a claim for rescission of the mortgages. They both filed Rule 12(c) motions to dismiss arguing that Louisiana law does not allow redhibition claims against lenders.[10]

**II. LEGAL STANDARD**

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In deciding a motion under Rule 12(c), a court must determine whether the complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief. *Id.; see generally* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1368 (3d ed. 2013). In deciding this motion, the Court must look only to the pleadings, *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), and exhibits attached to the pleadings, *see Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n. 4 (5th Cir. 1998).

**III. DISCUSSION**

Plaintiffs clarified in their supplemental response that they are not asserting a redhibition claim or any other claim for

---

[10] R. Doc. 39-1; R. Doc. 36-1.

affirmative relief against Chase and Bank of America. Instead, they contend that the banks

> are indispensable parties to this action under FRCP 19 due to their status as the holder of the mortgages loans [sic] of Douglas, Arnold, Barca, and Bouie because Chase and [Bank of America] may be impacted if Douglas, Arnold, Barca, and Bouie are successful in their claims against the other defendants.

They acknowledge that the mortgages will not be extinguished if their claims against the other defendants succeed and state:

> Chase and Bank of America will be entitled to payment of the outstanding mortgage loans, up to the outstanding balances owed thereon, out of any damages received as a result of the rescission and insurance claims asserted by Douglas, Arnold, Barca, and Bouie.

Plaintiffs invoked Rule 19 as the basis for their decision to name the banks as defendants despite having no claims against them. Rule 19 requires the joinder of any party "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

4

Plaintiffs' claim that they "would be left without a complete remedy" if Chase and Bank of America were absent from this suit is without merit, as plaintiffs seek no relief from those defendants.  Likewise, that the banks may have a contractual right to a portion of any damages awarded to the plaintiffs does not subject plaintiffs to a risk of double or inconsistent obligations.  *See Great Am. Ins. Co. v. McElwee Bros., Inc.*, CIV.A. 03-2793, 2004 WL 574749, at *2 (E.D. La. Mar. 19, 2004) (non-party who might assert right to portion of plaintiff's recovery under terms of a contingency fee agreement was not a necessary party, because the non-party's absence would not subject plaintiff to risk of double or inconsistent liability) (citing *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1312 (5th Cir.1986)).

Plaintiffs do not assert a claim for rescission of the mortgages against the banks, and their Rule 19 argument does not support their attempt to name the banks as defendants in this action.  Accordingly, there is no basis for the banks' inclusion as defendants in this action.  They will, however, remain as counterclaim plaintiffs and cross-claimants based on claims they have filed against plaintiffs and their insurance companies.[11]

---

[11]   R. Doc. 23 at 22-28; R. Doc. 35 at 24-32.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Chase and Bank of America's 12(c) motions to dismiss. The banks are dismissed as defendants but remain in this action as counterclaim plaintiffs and cross-claimants.

New Orleans, Louisiana, this __17th__ day of March, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE