UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVE B. DOUGLAS, ET AL.                    CIVIL ACTION

VERSUS                                      NO: 13-6192

RENOLA EQUITY FUND II, LLC, ET AL.          SECTION: R

**ORDER AND REASONS**

Defendant Louisiana Citizens Property Insurance Corporation ("Louisiana Citizens") moves for partial summary judgment on plaintiffs' bad faith insurance practices claims under La. R.S. §§ 22:1892 and 22:1973 in relation to policy number FO 20091190184.[1] The Court grants the motion because plaintiffs have failed to provide the Court with any evidence demonstrating that they have a valid, underlying insurance claim against Louisiana Citizens.

**I.   Background**

Plaintiffs are former owners and tenants of apartments and condominiums located at 217 and 301 Plantation Drive in Chalmette, Louisiana.  Following Hurricane Isaac's landfall in August of 2012, plaintiffs allege that they suffered various injuries and damages as a result of toxic mold exposure.  Plaintiffs further allege that, because of the toxic mold and other unrepaired damage caused by Hurricane Isaac, St. Bernard Parish officials declared the properties uninhabitable and ordered plaintiffs to vacate their

_____

[1] R. Doc. 95.

homes.    Plaintiffs   brought   suit   against   several   defendants
asserting different theories of liability against each defendant.
At issue here are plaintiffs' claims against Louisiana Citizens for
bad  faith  insurance  practices  under  La.  R.S.  §§  22:1892  and
22:1973.[2]

Louisiana Citizens provided commercial wind and hail insurance
coverage for the apartment buildings at 217 and 301 Plantation
Drive under policy number FO 20091190184.  Renola Equity, II, LLC
is  the  only  entity  listed  as  a  named  insured  on  the  policy.[3]
Additionally, Darren Tyus, an employee of Louisiana Citizens,
provided an affidavit stating that "[n]one of the plaintiffs to
this matter made any claims with [Louisiana Citizens] under Policy
Number 20091190184[] prior to the filing of the above captioned
litigation."[4]   Plaintiffs  have  not  provided  the  Court  with  any
evidence in support of their opposition, but nevertheless argue
that  summary  judgment  is  inappropriate  because:  (1)  there  are
numerous questions of fact as to various peripheral issues;[5] (2)

---

[2] R. Doc. 2-2 at 14.

[3] R. Doc. 95-3 at 2.

[4] R. Doc. 95-5 at 2.

[5] Plaintiffs argue that there are genuine issues of material
facts as to (1) "what degree the damages and mold to the
plaintiffs property was caused by substandard construction and/or
caused by a storm which would've been covered under the
plaintiffs' insurance policy," (2) "whether or not the mold that
is found through the plaintiffs' apartments/condos was caused by
the use of Chinese drywall in the property," and (3)"when

discovery is in its infancy; and (3) Louisiana Citizens is an indispensable party to the litigation.[6]

## II.  Legal Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075.

---

Louisiana Citizens would have received notice of a claim and/or proof of loss either from the individuals plaintiffs or from Renola which is also an insured of Louisiana Citizens."  R. Doc. 101 at 2-4.

[6] *Id.* at 3-6.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.; Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear

the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at

322)).


## III. Discussion

La. R.S. §§ 22:1892 and 22:1973 provide penalties to insureds

and policy beneficiaries if an insurer acts in bad faith when

adjusting a claim made under an insurance policy.[7]  In order to

recover statutory penalties under La. R.S. §§ 22:1892 and 22:1973,

a plaintiff "must first have a valid, underlying, substantive claim

upon which insurance coverage is based." *Matthews v. Allstate*, 731

F. Supp. 2d 552, 566 (E.D. La. 2010).  In other words, the

"penalties in these statutes do not stand alone; they do not

provide a cause of action against an insurer absent a valid,

underlying insurance claim." *Clausen v. Fidelity and Deposit Co.

of Md.*, 660 So. 2d 83, 85-86 (La. App. 1st Cir. 1995).  *See also

Bayle v. Allstate*, 615 F.3d 350, 363 (5th Cir. 2010) ("Breach of

contract is a condition precedent to recovery for the breach of the

duty of good faith.").

---

[7] La. R.S. § 22:1892 provides for penalties if an insurer
fails to make a payment or written settlement offer "within
thirty days after receipt of satisfactory proof of loss of that
claim . . . when such failure is found to be arbitrary,
capricious, or without probable cause . . . ."  La. R.S. §
22:1973 provides for penalties if an insurer fails to "adjust
claims fairly and promptly and to make a reasonable effort to
settle claims with the insured or the claimant, or both."

Plaintiffs have failed to establish a genuine issue of material fact as to whether they have a valid, underlying insurance claim against Louisiana Citizens under the policy at issue.  As an initial matter, the insurance contract names Renola Equities, the owner of the apartment buildings at issue, as the sole named insured under policy number FO 20091190184.[8]  *See Herbert v. Hill*, 855 So. 2d 768, 771-72 (La. App. 2d Cir. 2003) (tenants cannot bring bad faith adjustment practices claim under landlord's insurance policy).  The policy does not provide third party liability or property coverage.  Moreover, even if plaintiffs could bring a claim under Renola Equities' insurance policy, Louisiana Citizens provided an affidavit of its claims handler stating that Louisiana Citizens never received a claim from any of the plaintiffs in this case under the insurance policy at issue.[9] Plaintiffs do not offer any evidence to rebut this assertion. Louisiana Citizens cannot be liable to plaintiffs for bad faith adjustment practices when plaintiffs never filed claims for Louisiana Citizens to adjust.  Thus, absent evidence of an underlying insurance claim, plaintiffs' bad faith insurance practices claims under policy number FO 20091190184 fail as a matter of law. *See Chet Morrison Contractors, LLC v. Onebeacon Am. Ins. Co.*, Civ. A. No. 14-1958, 2015 WL 1221616, at *6 (E.D. La.

---

[8] R. Doc. 95-3 at 2.

[9] R. Doc. 95-5 at 2.

Mar. 17, 2015) ("Because [plaintiff] has no underlying claim against [defendants], its claims under La. Rev. Stat. §§ 22:1892 and 22:1973 fail as a matter of law.").

Plaintiffs make three arguments in an attempt to defeat summary judgment, none of which has merit. First, plaintiffs contend that "there are numerous genuine issues of material fact" that preclude summary judgment.[10] The supposed questions of fact, however, have no bearing on the issue before the Court--whether plaintiffs have a valid, underlying insurance claim against Louisiana Citizens. As stated above, a valid, underlying insurance claim is a "condition precedent" to claims under La. R.S. §§ 22:1892 and 22:1973, *Bayle*, 615 F.3d at 363, and plaintiffs cannot defeat summary judgment by attempting to manufacture questions of fact as to various peripheral issues. Moreover, none of plaintiffs' asserted factual disputes is supported by any evidence in the record.[11] Accordingly, even if plaintiffs' arguments were germane to the issue at bar, unsupported contentions and references

---

[10] R. Doc. 101 at 2.

[11] Again, plaintiffs argue, without providing any evidence in support, that there are genuine issues of material facts as to (1) "what degree the damages and mold to the plaintiffs property was caused by substandard construction and/or caused by a storm which would've been covered under the plaintiffs' insurance policy," (2) "whether or not the mold that is found through the plaintiffs' apartments/condos was caused by the use of Chinese drywall in the property," and (3)"when Louisiana Citizens would have received notice of a claim and/or proof of loss either from the individuals plaintiffs or from Renola." R. Doc. 101 at 2-4.

to allegations in the complaint are insufficient to defeat summary judgment.  *See Celotex Corp.*, 477 U.S. at 324 (To defeat summary judgment, nonmoving party must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial."); *Weyant v. Acceptance Ins. Co.*, 917 F.2d 209, 212 (5th Cir. 1990) ("[T]he party opposing the motion may not sit on its hands, complacently relying upon the pleadings.").

Plaintiffs next argue that summary judgment is inappropriate because "discovery in this matter is in its infancy."[12]  The proper vehicle for raising this argument is a motion under Federal Rule of Civil Procedure 56(d), which requires an affidavit or declaration specifying "why additional discovery is necessary and how additional discovery will create a genuine issue of material fact." *Canady v. Bossier Parish Sch. Bd.*, 240 F.3d 437, 445 (5th Cir. 2001) (internal quotations omitted).  Plaintiffs have not provided the Court with an affidavit or declaration, and have otherwise failed to explain how additional time would allow plaintiffs to create a genuine issue of material fact as to whether plaintiffs have a valid, underlying insurance claim against Louisiana Citizens.  Because a Rule 56(d) request to defer ruling on a motion for summary judgment "may not be invoked by the mere assertion that discovery is incomplete," plaintiffs cannot defeat summary judgment

---

[12] *Id.* at 4.  The Court questions the verity of this assertion, as plaintiffs originally filed this case on September 18, 2013.  R. Doc. 2-2 at 1.

on this ground.  *Powell v. Pride Offshore, Inc.*, Civ. A. No. 11-640, 2011 WL 2981352, at *2 (E.D. La. July 21, 2011).

Finally, plaintiffs contend that summary judgment is inappropriate because Louisiana Citizens "is an indispensable party to this litigation."[13]  Plaintiffs argue that because an individual plaintiff, Sam Ford III, has a claim against Louisiana Citizens under a separate insurance policy, policy number 701851, the Court cannot grant summary judgment on plaintiffs' bad faith insurance practices claims under policy number FO 20091190184 without inhibiting Mr. Ford's ability to prosecute his claim.  Plaintiffs misunderstand Rule 56 and the scope of Louisiana Citizens' motion for summary judgment.  Plaintiffs' claims against Louisiana Citizens for bad faith insurance practices under policy number FO 20091190184 are entirely separate and distinct from Mr. Ford's claims under policy number 701851.  Rule 56 expressly contemplates motions for partial summary judgment, and the Court's granting of summary judgment on plaintiffs' claims under policy FO 20091190184 will have no effect on Mr. Ford's ability to pursue his claim against Louisiana Citizens under his separate insurance policy. *See* Fed. R. Civ. P. 56 ("A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought.").  Accordingly, plaintiffs' "indispensable party" argument is without merit.

---

[13] *Id.* at 6.

## IV.   Conclusion

For the foregoing reasons, the Court finds that plaintiffs' have failed to create a genuine issue of material fact as to the viability of their bad faith insurance practices claims against Louisiana Citizens under policy number FO 20091190184. Accordingly, the Court GRANTS Louisiana Citizens' motion for summary judgment on these claims.


New Orleans, Louisiana, this ___14th___ day of May, 2015.


_____
            SARAH S. VANCE
     UNITED STATES DISTRICT JUDGE