UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVE B. DOUGLAS, ET AL.    CIVIL ACTION

   Plaintiffs,

             NO: 13-6192
VERSUS

RENOLA EQUITY FUND, II, LLC,   SECTION: R(2)
ET AL.

   Defendants.


**ORDER**

 Defendant Southern Fidelity Insurance Company moves the Court for summary judgment on plaintiff Steve Douglas's insurance claim.[1] The Court grants the motion because plaintiff has failed to provide any evidence to create a genuine question of material fact as to whether Southern Fidelity breached the insurance contract at issue.


**I. Background**

 Plaintiff Steve Douglas is one of several plaintiffs who initially brought suit in the 34th Judicial District Court for the Parish of St. Bernard alleging a variety of claims against a multitude of defendants.[2] The only allegation against Southern Fidelity, however, is that it is obligated ("upon information and belief") to pay plaintiff Steve Douglas's insurance claim under

---

[1] R. Doc. 104.

[2] R. Doc. 2-2.

policy number LVH 1007241 01 17 relative to Unit 119 of Park view Condominiums.[3]

Plaintiff insured his Chalmette, Louisiana condominium with an insurance policy issued by Southern Fidelity. The policy has coverage limits of $15,000 for the dwelling, $10,000 for personal property, and $5000 for loss of use, all subject to a $200 "hurricane" deductible.[4]

On August 29, 2012, Hurricane Isaac struck southeast Louisiana and caused damaged to plaintiff's condominium. Plaintiff filed a claim with Southern Fidelity on October 18, 2012.[5] Six days later, Southern Fidelity sent Joe Ciochon, an insurance adjuster with Cunningham Lindsey U.S., Inc., to inspect plaintiff's condominium.[6] Mr. Ciochon estimated damages in the amount of $4094.88 under plaintiff's dwelling coverage.[7] On November 8, 2012, after deducting the $200 deductible, Southern Fidelity paid plaintiff

---

[3] *Id.* at 22-23 ("Your petitioner, STEVE B. DOUGLAS, further alleges on information and belief that under the terms of said policy, defendant SOUTHERN FIDELITY INSURANCE COMPANY is obligated to pay for any and all damage to the dwelling, personal property, and loss of use associated with Unit 119 of Park View Condominiums.").

[4] R. Doc. 104-11 at 1-2.

[5] R. Doc. 104-6 at 1.

[6] R. Doc. 104-7.

[7] *Id.* at 8.

$3894.88.[8]  In his deposition, plaintiff admits that he received the $3894.88 check from Southern Fidelity and further admits that he never had a contractor prepare an independent estimate of the damage or otherwise attempt to repair the damage.[9]

On January 31, 2013, plaintiff filed a claim under the policy's "loss of use" coverage because plaintiff was forced to move while repairs were made at the condominium complex.[10]  Southern Fidelity paid plaintiff $325 for two weeks lodging on February 4, 2013.[11]

Southern Fidelity now moves for summary judgment arguing that plaintiff has failed to provide any evidence that it underpaid on plaintiff's insurance claims.   Plaintiff does not oppose the motion.[12]

## II.  Legal Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant

---

[8] R. Doc. 104-8.

[9] R. Doc. 104-12 at 3-4 and 11-12.

[10] R. Doc. 104-9.

[11] R. Doc. 104-10.

[12] Southern Fidelity set the motion for submission on May 6, 2015.  The Court contacted plaintiff's counsel in late June to determine whether plaintiff planned to file an opposition, and plaintiff's counsel was unable to provide an explanation for his failure to oppose the motion, but stated that he "would look into it."  As of the date of this order, plaintiff's counsel has not filed an opposition or otherwise contacted the Court.

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)(internal quotations omitted); *see also Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991)(internal quotations omitted). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in

4

favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.; Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III. Analysis

Summary judgment may not be awarded by default because the non-moving party fails to respond. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995). Nevertheless, a court may accept as undisputed the facts listed in support of the unopposed motion for summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). It is not the task of the Court

to "scour the record in search of a genuine issue of triable fact." *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995). Instead, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

Here, plaintiff bears the burden of demonstrating that Southern Fidelity breached the insurance contract. *See Roe v. Loyola University New Orleans*, Civ. A. No. 07-1828, 2007 WL 4219174, at *2 (E.D. La. Nov. 26, 2007) ("[T]he party seeking to recover must not only prove the existence of the contract, but must also prove its breach."); *Broussard v. State Farm Fire & Cas. Co.*, Civ. A. No. 06-8084, 2007 WL 2264535, at * 3 (E.D. La. Aug. 2, 2007) ("[I]n order to recover for a breach of an insurance contract, plaintiffs are required to prove the amount of their claim for covered damages under their homeowner's policy by a preponderance of the evidence."). Southern Fidelity has not only pointed to the absence of evidence in the record to support plaintiff's claim, but has also provided undisputed documentary evidence that it fully compensated plaintiff for his claimed losses. Indeed, plaintiff's own deposition testimony indicates that he received Southern Fidelity's checks and that he did not repair the damage or seek an independent estimate of the damages to

the insured property.[13]  Absent any evidence that plaintiff made a claim under his insurance policy that went unpaid or underpaid, plaintiff cannot survive summary judgment on his breach of contract claim.

**IV.   Conclusion**

For the reasons stated above, defendant's motion for summary judgment is GRANTED, and plaintiff Steve Douglas's claim against Southern Fidelity under policy number LVH 1007241 01 17 is dismissed WITH PREJUDICE.


New Orleans, Louisiana, this  <u>7th</u> day of August, 2015.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13] R. Doc. 104-12 at 3-4 and 11-12.