UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVE B. DOUGLAS, ET AL.                           CIVIL ACTION

                                                   NO: 13-6192
VERSUS

RENOLA EQUITY FUND, II, LLC, ET AL.                SECTION: R(2)

## ORDER AND REASONS

Defendant Imperial Fire and Casualty Insurance Company ("Imperial Fire") moves for summary judgment on plaintiffs' bad faith insurance practices claims under La. R.S. §§ 22:1892 and 22:1973 in relation to policy number F220028644. The Court grants the motion because plaintiffs have failed to provide the Court with any evidence demonstrating that they have a valid, underlying insurance claim against Imperial Fire.

## I.    BACKGROUND

Plaintiffs are former owners and tenants of condominiums located at 217 Plantation Drive in Chalmette, Louisiana. Plaintiffs allege that following Hurricane Isaac's landfall in August of 2012, they suffered various injuries and damage as a result of exposure to toxic mold. Plaintiffs further allege that, because of the toxic mold and other unrepaired damage caused by Hurricane Isaac, St. Bernard Parish officials declared the property uninhabitable and ordered plaintiffs to vacate their homes. Plaintiffs brought this suit against several defendants asserting different theories of liability against each defendant. At issue here are

plaintiffs' claims against Imperial Fire for bad faith insurance practices under La. R.S. §§ 22:1892 and 22:1973.[1]

Imperial Fire provided flood insurance coverage for the property at 217 Plantation Drive under a General Property Form Standard Flood Insurance Policy ("SFIP"), number F220028644. Renola Equity, II, LLC ("Renola") is the only entity listed as a named insured on the policy.[2] In addition, Scott Holmes, Vice President of Claims for a company that services Imperial Fire's SFIP policies, provided an affidavit stating that "Imperial Fire does not have any record of Renola Equity Fund II, LLC or any of the Plaintiffs reporting a flood loss claim caused by flooding associated with Hurricane Isaac that occurred on or about August 29, 2012."[3] Holmes further states that Imperial Fire was served with this lawsuit on or about September 24, 2013 and that "[s]ervice of this lawsuit was Imperial Fire's first notice of the August 29, 2012 Hurricane Isaac flood loss claim."[4]

Imperial Fire now moves for summary judgment, arguing that plaintiffs have failed to demonstrate the privity of contract required for a valid insurance claim. Imperial Fire further argues that even if privity existed, plaintiffs' claims should still be dismissed because plaintiffs failed to provide timely notice of the flood loss claim and did not timely submit a signed and sworn Proof of Loss in support of the amount claimed, as required by the terms of the SFIP.[5] Plaintiffs do not oppose the motion.

---

[1] R. Doc. 2-2 at 16.

[2] R. Doc. 106-2 at 1.

[3] R. Doc. 106-3 at 3.

[4] *Id.*

[5] R. Doc. 106-1.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving

3

party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III.   DISCUSSION

La. R.S. §§ 22:1892 and 22:1973 provide penalties to insureds and policy beneficiaries if an insurer acts in bad faith when adjusting a claim made under an insurance policy.[6]  To recover statutory penalties under these provisions, a plaintiff "must first have a valid, underlying, substantive claim upon which insurance coverage is based." *Matthews v. Allstate*, 731 F. Supp. 2d 552, 566 (E.D. La. 2010).  In other words, the "penalties in these statutes do not stand alone; they do not provide a cause of action against an insurer absent a valid, underlying insurance claim." *Clausen v. Fidelity and Deposit Co. of Md.*, 660 So. 2d 83, 85-86 (La. App. 1 Cir. 1995).  *See also Bayle v. Allstate*, 615 F.3d 350, 363 (5th Cir.

---

[6]  La. R.S. § 22:1892 provides for penalties if an insurer fails to make a payment or written settlement offer "within thirty days after receipt of satisfactory proof of loss of that claim . . . when such failure is found to be arbitrary, capricious, or without probable cause . . . ."  La. R.S. § 22:1973 provides for penalties if an insurer fails to "adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both."

2010) ("Breach of contract is a condition precedent to recovery for the breach of the duty of good faith.").

Plaintiffs have failed to establish a genuine issue of material fact as to whether they have a valid, underlying insurance claim against Imperial Fire under the policy at issue. As an initial matter, the insurance contract names Renola, the owner of the building at issue, as the sole named insured under policy number F220028644. *See Herbert v. Hill*, 855 So. 2d 768, 772 (La. App. 2 Cir. 2003) (holding that tenants cannot bring bad faith adjustment practices claim under landlord's insurance policy). Because the policy does not provide third party liability or property coverage, plaintiffs have no valid insurance claim against Imperial Fire. *See Randall v. Lloyd's Underwriter's at London*, 602 So. 2d 790, 791 (La. App. 4 Cir. 1992) ("It is a well-accepted principle in Louisiana jurisprudence that, absent a contrary statutory provision, actions *ex contractu* cannot be maintained against a party by an individual who is not party thereto."); *Saunders v. Nat'l Flood Ins. Program*, No. CIV.A. 13-5613, 2014 WL 3161459, at *2 (E.D. La. July 8, 2014) (holding that insured had no claim for breach of insurance contract when there was no privity of contract between insurer and insured).

Moreover, even if plaintiffs could bring a claim under Renola's insurance policy, Imperial Fire provided an affidavit of a claims adjustor stating that Imperial Fire never received a claim from any of the plaintiffs in this case under the policy at issue. Plaintiffs offer no evidence to rebut this assertion. Imperial Fire cannot be liable to plaintiffs for bad faith adjustment practices when plaintiffs never filed claims for Imperial Fire to adjust. Thus, absent evidence of an underlying insurance claim, plaintiffs' bad faith insurance practices claims under policy number F220028644 fail as a matter of law. *See Chet*

*Morrison Contractors, LLC v. Onebeacon Am. Ins. Co.*, Civ. A. No. 14-1958, 2015 WL 1221616, at *6 (E.D. La. Mar. 17, 2015) ("Because [plaintiff] has no underlying claim against [defendants], its claims under La. Rev. Stat. §§ 22:1892 and 22:1973 fail as a matter of law.").

## IV.   CONCLUSION

For the reasons stated above, the Court GRANTS defendant's motion for summary judgment.  Plaintiffs' claims against Imperial Fire under policy number F220028644 are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 18th day of September, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE